# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RONALD BINGHAM,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>IRM FAREEN BUTT, CARL MILLENDER, and LEMNISCATA CAPITAL LLC,<br><br>　　　　　　　Defendants. | Case No. 25-CV-54-JPS<br><br><br>**ORDER** |

　　　　Plaintiff Ronald Bingham ("Plaintiff") brings this action against Irm Fareen Butt ("Butt"), Carl Millender ("Millender"), and Lemniscata Capital LLC ("Lemniscata") alleging breach of contract, fraudulent inducement, and unjust enrichment. ECF No. 1. Because the complaint fails to adequately plead diversity jurisdiction and entirely omits the issue of venue, the Court will order Plaintiff to file an amended complaint curing those deficiencies, as further explained below.

　　　　Plaintiff avers that jurisdiction is proper under 28 U.S.C. § 1332 based on the diversity of the parties and the amount in controversy. *Id.* at 1–2. In support, Plaintiff alleges that he resides in Iowa County in the State of Wisconsin, that Butt and Millender reside in the State of New York, and that Lemniscata "is a domestic limited liability company organized in the State of New York." *Id.* at 1. These facts are insufficient to support diversity of citizenship for several reasons. First, "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 993 (7th Cir.

2007) (citing *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006)). Second, for purposes of diversity jurisdiction, the citizenship of natural citizens turns on domicile, not residence. *Sheneman v. Jones*, 682 F. App'x 498, 499 (7th Cir. 2017) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). Thus, to avoid dismissal for lack of jurisdiction, Plaintiff must amend his complaint to properly plead his, Butt's, and Millender's domiciles, as well as Lemniscata's citizenship by pleading the citizenship of each of Lemniscata's members.

Further, Plaintiff's complaint lacks information by which the Court can determine if venue is proper in this District. *See generally* ECF No. 1. A plaintiff need not affirmatively plead venue in his complaint. *Stickland v. Trion Grp., Inc.*, 463 F. Supp. 2d 921, 924 (E.D. Wis. 2006); *see also Ward v. Delaney*, No. 01 C 3074, 2002 WL 31133099, at *1 (N.D. Ill. Sept. 20, 2002) ("Since improper venue is a matter of defense, it is not necessary for plaintiff to include allegations [in his complaint] showing the venue to be proper." (quoting Fed. R. Civ. P. Form 2 n.3)). Nevertheless, Plaintiff's complaint presents a glaring venue issue such that the Court would be remiss to ignore it. *See Cont'l Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 607–08 (7th Cir. 2003) (discussing how the options left to a court when venue is improper are transfer to a proper venue or dismissal of the case (quoting 28 U.S.C. § 1406(a))).

Venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the

property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b)(1)–(2). If venue is not proper in any judicial district under (1) or (2), only then may an action be brought in a "judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b)(3).

The complaint does not provide sufficient details for the Court to ascertain whether a district in New York could be proper under subsection (1), as this would require a showing that Lemniscata is subject to personal jurisdiction in the same judicial district where Butt and Millender reside. 28 U.S.C. § 1391(b)(1); § 1391(c)(2) ("For all venue purposes[,] . . . an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . .").[1] The complaint also fails to provide sufficient information for the Court to determine where venue would be proper under subsection (2) because it does not mention where the pertinent events took place[2] or where the property at issue is situated. *See* 28 U.S.C. § 1391(b)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff Ronald Bingham shall **FILE** an amended complaint on or before **January 31, 2025**, curing the deficiencies

---

[1] If Plaintiff amends his complaint to plead that a judicial district in New York is proper, he should also clarify *which* of New York's judicial districts is proper and why.

[2] Plaintiff should be aware that he resides in the Western District of Wisconsin, *not* the Eastern District of Wisconsin where this action was filed.

with respect to jurisdiction and venue. Failure to timely or satisfactorily do so may result in dismissal or transfer of this action as appropriate.

Dated at Milwaukee, Wisconsin, this 17th day of January, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge